IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-CR-00408-IM |
| v. | **OPINION AND ORDER** |
| **LEOPOLDO RIVERA-VALDES**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

    Defendant Leopoldo Rivera-Valdes is charged with one count of illegal reentry after having been previously arrested and deported from the United States on October 21, 2006, in violation of 8 U.S.C. § 1326. ECF 1. Defendant Rivera-Valdes now moves to dismiss the indictment, bringing a collateral attack against the removal order upon which the indictment is predicated. ECF 22. He contends that the underlying removal order is invalid because his right to due process was violated during the removal proceeding. *Id*. This Court held a hearing on Defendant's motion on August 10, 2020. ECF 36. After considering the pleadings, the record, and the arguments of counsel, this Court finds that Defendant's removal proceeding did not violate his due process rights. For the reasons set forth below, Defendant's Motion to Dismiss the Indictment, ECF 22, is denied.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Defendant Rivera-Valdes is a native and citizen of Mexico who first came to the United States in 1992. ECF 22 at 1. In December of 1993, Defendant paid a third party to prepare an application for asylum that falsely claimed he was a citizen of Guatemala. Defendant submitted this application, also known as a "Form I-589 Request for Asylum in the United States" to the Immigration and Naturalization Service ("INS"). ECF 32 Ex. 1, at 1–5. Defendant also submitted a Form G-325A providing biographic information, *id.* at 6, and a Form I-765 Application for Employment Authorization, *id.* at 7. On all forms, Defendant listed his address as 4037 N. Cleveland Ave., Portland, Oregon 97212 (the "Cleveland Avenue address"). At the hearing on the motion, counsel for Defendant conceded that the Cleveland Avenue address was provided by Defendant, and that Defendant never provided an updated or different address to the INS.

On January 28, 1994, the INS mailed a notice to the Cleveland Avenue address, acknowledging receipt of Defendant's request for asylum. ECF 32 Ex. 2. On February 3, 1994 and February 8, 1994, the INS mailed additional notices to the Cleveland Avenue address stating that Defendant's employment authorization was approved. ECF 32 Ex. 3. The approval notices instructed Defendant to appear in person at the INS office in Portland, Oregon within forty-five days to pick up his employment authorization card. *Id.* at 1, 5. None of these notices were returned as undeliverable.

On March 3, 1994, Defendant appeared at the INS office in Portland, Oregon in order to obtain an employment authorization card pursuant to his previous application. ECF 22 Ex. B. INS officials determined that Defendant had presented a false Guatemalan birth certificate as proof of identity to pick up the card. Defendant claimed to have purchased the false birth certificate and political asylum paperwork from a third-party. *Id.* Defendant then voluntarily withdrew his application for asylum. ECF 22 Ex. D.

PAGE 2 – OPINION AND ORDER

That same day, INS officers served Defendant personally with an Order to Show Cause ("OSC"), charging Defendant with being subject to deportation and announcing that his removal proceedings would be initiated at an address and on a date "to be calendared and notice provided by the Office of the Immigration Judge" ECF 32 Ex. 5, at 3. The document was written in English and Spanish. It contained several important warnings. First, the OSC stated, "[y]ou will have a hearing before an immigration judge, scheduled no sooner than 14 days from the date you are served with this Order to Show Cause." *Id.* at 2. The OSC also warned:

> You are required to be present at your deportation hearing prepared to proceed. If you fail to appear at any hearing after having been given written notice of the date, time, and location of your hearing, you will be ordered deported *in your absence*, if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

*Id.* at 4. The OSC also stated:

> You are required by law to provide immediately in writing an address . . . where you can be contacted. You are required to provide written notice, within five (5) business days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you.

*Id.* The OSC listed the Cleveland Avenue address as Defendant's address of record. *Id.* at 1. Defendant signed the OSC, and provided his fingerprint confirming personal service. *Id.* at 5. The OSC was read to Defendant in Spanish, his native language. *Id.* Defendant was then released to await the hearing notice from the Office of the Immigration Judge.

On April 20, 1994, the INS District Counsel filed the OSC with the Office of the Immigration Judge and moved the court to schedule the case for a hearing. ECF 32 Ex. 7. A copy of the motion was mailed to the Cleveland Avenue address, but was returned as undeliverable by the United States Postal Service. ECF 30 Ex. 4; ECF 30 Ex. 5. On April 25, 1994, the Office of

the Immigration Judge sent a hearing notice to the Cleveland Avenue address instructing Defendant to appear for a deportation hearing on August 12, 1994 at 8:30 A.M. ECF 22 Ex. G. The hearing notice was sent by certified mail, but it was returned as unclaimed on May 23, 1994. ECF 30 Ex. 2, at 2.

The deportation hearing took place as scheduled on August 12, 1994. The Immigration Judge found that Defendant was properly served with the OSC and the notice of the hearing. ECF 22 Ex. H. The Immigration Judge ordered Defendant deported *in absentia*, *id.*, and issued a warrant for his deportation that same day. ECF 22 Ex. I. On August 30, 1994, the INS sent Defendant a Form I-166, in Spanish, instructing him to appear to the INS office for deportation. ECF 32 Ex. 12. The letter was sent by certified mail to the Cleveland Avenue address, and again was returned as undeliverable. ECF 32 Ex. 13.

On October 17, 2006, Immigration and Customs Enforcement (ICE) agents found Defendant living in Portland, Oregon. ECF 32 Ex. 14. He was deported on October 21, 2006, pursuant to the August 1994 warrant of deportation. ECF 32 Ex. 15. On April 8, 2019, ICE officers learned of Defendant's presence in the District of Oregon and referred the case for potential criminal prosecution.

On September 10, 2019, a federal grand jury indicted Defendant on a single charge of illegal re-entry in violation of 8 U.S.C. § 1326(a). ECF 1. On May 15, 2020, Defendant filed the present motion to dismiss the indictment, collaterally attacking the underlying removal order. ECF 22. Counsel for Defendant reports that Defendant also moved to reopen his removal hearing before the Portland Immigration Court, but that motion was denied and Defendant intends to appeal the denial with the Board of Immigration Appeals. ECF 35.

## STANDARDS

To convict a defendant of illegal reentry under 8 U.S.C. § 1326, "the government must prove that the alien left the United States under order of exclusion, deportation, or removal and then illegally reentered." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). A defendant may collaterally attack the validity of a removal order underlying a section 1326 indictment by arguing the administrative proceeding producing the order violated his Fifth Amendment right to due process. *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012). "[W]here a deportation proceeding violates an alien's due process rights, the Government may not rely on any resulting deportation order as proof of an element of a criminal offense." *United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994) (citing *Mendoza-Lopez*, 481 U.S. at 840).

To prevail on a collateral attack of a section 1326 indictment, a defendant must demonstrate that: (1) he exhausted any administrative remedies available to seek relief against the order; (2) the deportation proceedings improperly deprived him of the opportunity for judicial review; and (3) the entry of the deportation order was fundamentally unfair. 28 U.S.C. § 1326(d). A removal order is "fundamentally unfair" if: (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding; and (2) he suffered prejudice as a result. *Martinez*, 786 F.3d at 1230.

## DISCUSSION

Defendant alleges that the removal order underlying the section 1326 indictment is invalid because his right to due process was violated when he was ordered deported *in absentia* without receiving notice of the date, time, and location of his hearing. The threshold and dispositive issue in this case is whether the notice provided for Defendant's deportation hearing comports with due process.

PAGE 5 – OPINION AND ORDER

Aliens facing deportation are entitled to due process under the Fifth Amendment to the United States Constitution, encompassing a full and fair hearing and notice of that hearing. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997). To satisfy due process requirements, the notice afforded aliens about deportation proceedings must be reasonably calculated to reach them.[1] *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 (9th Cir. 2004). The parties agree that this standard applies. *See* ECF 22 at 6; ECF 32 at 11. Defendant bears the burden of establishing the due process violation. *See United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014) (*abrogated on other grounds by DHS v. Thuraissigiam*, 140 S. Ct. 1959 (2020)).

Defendant argues that notice of the deportation hearing was not reasonably calculated to reach him because the notice was returned as unclaimed, the Cleveland Avenue address did not actually exist, and Defendant attests that he never received notice of the date and time of his hearing. ECF 22 at 7. Defendant also argues that he was not provided sufficient notice of his removal hearing under the statutory requirements of the 1994 version of Immigration and Nationality Act ("INA"). ECF 30 at 2–4.

It is well established that "[a]n alien does not have to actually receive notice of a deportation hearing in order for the requirements of due process to be satisfied." *Farhoud*, 122 F.3d at 796. The government generally satisfies due process by "mailing notice of the hearing to an alien at the address last provided to the INS." *Dobrota v. INS*, 311 F. 3d. 1206, 1211 (9th Cir. 2002); *see also Urbina-Osejo v. INS*, 124 F.3d 1314, 1317 (9th Cir. 1997). This rule is particularly strong where the alien is warned of the duty to update the government with any

---

[1] The issue of adequate notice is most commonly raised when an alien attempts to reopen his removal proceeding after having been removed *in absentia*. Nevertheless, the same due process standard applies in the context of motions to dismiss an underlying indictment under 28 U.S.C. § 1326(d).

address changes. *See, e.g., United States v. Hinojosa-Perez*, 206 F.3d 832, 836–37 (9th Cir. 2000) (upholding an *in absentia* removal order where defendant was warned in the OSC of his duty to update the government of any mailing address change and notice was sent to his last reported address via certified mail ); *Lopez-Lopez v. Holder*, 358 F. App'x. 926, 927 (9th Cir. 2009) (holding due process was satisfied in petitioner's *in absentia* removal proceedings where petitioner received the OSC informing him he must provide the immigration court with written notice of his change of address, and the hearing notice was sent by certified mail to the address he last provided).

The operative statute at the time of Defendant's removal proceedings similarly did not require actual notice. Under the 1994 INA, notice of the time and place of the deportation proceedings was to be "given in person to the alien (or if personal service [was] not practical . . . given by certified mail to the alien . . .)." 8 U.S.C. § 1252b(a)(2)(A) (repealed 1996). Interpreting this provision, the Ninth Circuit held that "notice [of a deportation hearing] by certified mail sent to an alien's last known address" was statutorily sufficient, "even if no one signed for it." *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997). The Ninth Circuit also upheld a "strong presumption of effective service" under the INA where notice of the hearing was sent by certified mail. *Id.*; *see also In re Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995). Removal *in absentia* was proper as long as an Immigration Judge found "clear, unequivocal, and convincing evidence" that these notice procedures were followed. 8 U.S.C. § 1252b(c)(1).

Given this legal context, Defendant has failed to provide any compelling evidence that notice of his removal hearing was not "reasonably calculated" to reach him. Defendant was personally served with the OSC, thus notifying him of the impending deportation proceedings. ECF 32 Ex. 5, at 5. The OSC provided clear warnings of Defendant's duty to report any change

of address to the Office of the Immigration Judge. *Id.* at 4. The OSC further provided warning of *in absentia* removal should he fail to appear at his hearing. *Id.* The OSC was signed by Defendant and read to him in his native language of Spanish. *Id.* at 5. It was also written in both English and Spanish. ECF 32 Ex. 5.

Defendant acknowledged his mailing address at Cleveland Avenue when he signed the OSC. ECF 32 Ex. 5. Despite his contention that the address does not exist, Defendant had previously received mail from the government at this address. *See* ECF 32 Ex. 2; ECF 32 Ex. 3. None of the letters sent by the INS to Defendant prior to the issuance of the OSC were returned as undeliverable. Defendant even responded to the notice sent to the Cleveland Avenue address by appearing at the INS office in Portland to pick up his employment authorization card within the forty-five day time period provided in the notice. ECF 22 Ex. B. Indeed, Defendant appears to concede this point. ECF 30 at 3 ("[Defendant] appeared at the INS in person . . . apparently in response to one of [the INS's] mailed notices."). Neither party contests that the hearing notice was sent to the Cleveland Avenue address by certified mail. *See* ECF 30 at 4; ECF 33 at 2; ECF 32 at 5.

On this evidence, Defendant has failed show that the government's method of service was not "reasonably calculated" to reach him. This Court finds that the notice provided to Defendant for his deportation hearing was sufficient under the due process clause.

## CONCLUSION

Defendant bears the burden of establishing that the administrative proceeding producing his deportation order violated his due process rights and he has failed to do so. *See Raya-Vaca*, 771 F.3d at 1202. Because he cannot establish that the entry of the deportation order was fundamentally unfair, Defendant's collateral attack of the order underlying this section 1326

prosecution fails as a matter of law. *See* 8 U.S.C. § 1326(d).[2] For these reasons, Defendant's Motion to Dismiss the Indictment is DENIED.

**IT IS SO ORDERED**.

DATED this 11th day of August 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] The parties dispute whether Defendant can establish the remaining elements of his collateral attack under 8 U.S.C. § 1326(d). Because Defendant failed to establish that his due process rights were violated in his underlying removal proceeding, this Court need not reach the parties' remaining arguments. *See United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1126 (9th Cir. 2013) (the three requirements outlined in section 1326 "must all be satisfied").

PAGE 9 – OPINION AND ORDER